## IN THE UNITED STATES DISTRICT COURT
### FOR THE WESTERN DISTRICT OF TENNESSEE
### EASTERN DIVISION

| | | |
|---|---|---|
| JAMES PARRIS, TIM BROWN, DOUG BROCKMAN, STACY ALLEN, CHRISTOPHER HUMMER, RICHARD POND, STEVEN COOKE, ANNA CLICK, DAVID GARRETT, AND WESLEY PROFITT | ) ) ) ) ) ) | Case No. |
| | ) | JURY DEMAND |
| | ) | |
| Plaintiffs, | ) | |
| | ) ) | |
| v. | ) | |
| | ) ) | |
| HENRY COUNTY, TENNESSEE, HENRY COUNTY HOSPITAL DISTRICT d/b/a HENRY COUNTY MEDICAL CENTER AND HENRY COUNTY MEDICAL CENTER EMERGENCY MEDICAL SERVICES, INC., and AMERICAN MEDICAL RESPONSE OF TENNESSEE, INC. | ) ) ) ) ) ) ) ) ) ) | |
| | ) | |
| Defendants. | ) | |

## COMPLAINT

Plaintiffs James Parris, Tim Brown, Doug Brockman, Stacy Allen, Christopher Hummer, Richard Pond, Steven Cooke, Anna Click, David Garrett, and Wesley Profitt ("Plaintiffs"), by and through the undersigned counsel, file this Complaint against the Defendants, Henry County, Tennessee ("Henry County"), Henry County Hospital District d/b/a Henry County Medical Center and Henry County Medical Center Emergency Medical Services, Inc. ("HCMC"), and American Medical Response of Tennessee, Inc. ("AMR") (collectively, "Defendants"), and allege as follows:

1

## SUMMARY OF ACTION

1.    This action arises from the unlawful deprivation of Plaintiffs' retirement benefits and creditable service hours under Tennessee Consolidated Retirement System ("TCRS"), the Tennessee public retirement system.

2.    Plaintiffs are emergency medical technicians ("EMTs") employed by HCMC, a government hospital owned and operated by Henry County, Tennessee through HCMC until at least October 2024.  During their employment, Plaintiffs served as first-responders providing critical emergency medical services to the population of Henry County, including during the COVID-19 pandemic, and were treated in every respect as employees of HCMC.  As full-time employees of HCMC, a public entity, Plaintiffs participated in TCRS and accumulated service hours towards their retirement benefits.  As of May 2020, all of the Plaintiffs were vested under TCRS.

3.    In May 2020, HCMC entered into an "Emergency Medical Services Agreement" ("Agreement") with Defendant AMR, a private for-profit corporation.  The Agreement granted AMR an exclusive franchise to operate ambulance services within the County, and to direct and control the work of its personnel.  However, the Agreement contained a carve-out regarding the Plaintiffs, which provided that so long as Plaintiffs agreed to remain employed as EMTs at HCMC, during the pendency of the Agreement, they would remain on HCMC payroll and continue to participate as members in TCRS.

4.    From May 2020 through October 2024, Plaintiffs continued to be employed as EMTs on HCMC's payroll, and they had their service hours and contributions remitted to TCRS. However, in early 2025, following an investigation, TCRS ultimately determined that as a result of the Agreement between HCMC and AMR entered in May, 2020, Plaintiffs had been contract

employees of AMR, which is not an ineligible employer under TCRS. As a result, TCRS determined that Plaintiffs were ineligible to retain their TCRS service credits during the entire pendency of the Agreement.  HCMC first notified Plaintiffs of TCRS' determination in late February, 2025.

5.      As a result of HCMC's actions and the Agreement executed between HCMC and AMR, Plaintiffs lost years of creditable service and reportable income, and this have incurred substantial reductions in their expected retirement annuities. The deprivation of these retirement benefits occurred without constitutionally adequate procedural protections and under color of state law. Plaintiffs bring this action to recover damages and obtain relief for the unlawful deprivation of their property interests and for the contractual misconduct that caused their losses.

## JURISDICTION AND VENUE

6.      This Court has subject matter jurisdiction over Plaintiffs' federal claims pursuant to 28 U.S.C. § 1343, which provides jurisdiction over civil rights actions brought under 42 U.S.C. § 1983.

7.      This Court also has federal question jurisdiction under 28 U.S.C. § 1331.

8.      This Court has supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. § 1367, because those claims arise out of the same nucleus of operative facts as the federal claims.

9.      Venue is proper in this district because the events giving rise to these claims occurred within this judicial district and the parties are located within this district.

## PARTIES

10.    Plaintiff James Parris is a citizen and resident of Buchanan, Henry County, Tennessee. Plaintiff Parris is an emergency medical technician ("EMT") who worked as an employee at HCMC.

11.    Plaintiff Tim Brown is a citizen and resident of  Paris, Henry County, Tennessee. Plaintiff Brown is an EMT who worked as an employee at HCMC.

12.    Plaintiff Doug Brockman is a citizen and resident of Springville, Henry County, Tennessee. Plaintiff Brockman is an EMT who worked as an employee at HCMC.

13.    Plaintiff Stacy Allen is a citizen and resident of New Johnsonville, Humphreys County, Tennessee. Plaintiff Allen is an EMT who worked as an employee at HCMC.

14.    Plaintiff Christopher Hummer is a citizen and resident of Puryear, Henry County, Tennessee. Plaintiff Hummer is an EMT who worked as an employee at HCMC.

15.    Plaintiff Richard Pond is a citzen and resident of Paris, Henry County, Tennessee. Plaintiff Pond is an EMT who worked as an employee at HCMC.

16.    Plaintiff Steven Cooke is a citizen and resident of Springville, Henry County, Tennessee. Plaintiff Cooke is an EMT who worked as an employee at HCMC.

17.    Plaintiff Anna Click is a citizen and resident of Huntingdon, Carroll County, Tennessee. Plaintiff Click is an EMT who worked as an employee at HCMC.

18.    Plaintiff David Garrett is a citizen and resident of  McKenzie, Weakley County, Tennessee. Plaintiff Garrett is an EMT who worked as an employee at HCMC.

19.    Plaintiff Wesley Profitt is a citizen and resident of  McEwen, Humphreys County, Tennessee. Plaintiff Profitt is an EMT who worked as an employee at HCMC.

20. Defendant Henry County, Tennessee, is a political subdivision of the State of Tennessee. This Defendant can be served via the County Mayor Randy Geiger at 101 W. Washington Street, Paris, Tennessee 38242 or wherever it may be found.

21. Defendant Henry County Hospital District d/b/a Henry County Medical Center and Henry County Medical Center Emergency Medical Services, Inc. ("HCMC") was created by Tennessee statute and operated a government hospital owned by Henry County, Tennessee. HCMC is operated and controlled by a board of trustees consisting of between three (3) and seven (7) persons appointed by the Henry County Commission. In late 2024, West Tennessee Healthcare Henry County, a Tennessee non-profit corporation, assumed control of HCMC pursuant to an operations transfer and lease. This Defendant can be served upon Ann Lundy, 805 N Parkway, Jackson, Tennessee 38305 or wherever it may be found.

22. Defendant American Medical Response of Tennessee, Inc. ("AMR") is a private for-profit corporation registered in Delaware, with its principal place of business at 4400 Highway 121, Suite 700, Lewisville, Texas 75056. AMR is engaged in providing health care and emergency medical services. AMR can be served via its registered agent, Corporation Service Company at 2908 Poston Avenue, Nashville, Tennessee 37203-1312 or wherever it may be found.

### FACTUAL ALLEGATIONS

#### *Henry County/HCMC's Participation in TCRS*

23. The Tennessee Consolidated Retirement System (hereinafter "TCRS") is a trust fund, established by the Tennessee General Assembly and administered by a 20-member Board, for the purpose of providing retirement benefits to Tennessee's public employees. Tenn. Code Ann. §§ 8-34-301, 8-34-302.

24.    The retirement plans administered by TCRS are defined benefit plans, which means that the retiree's annuity is set using a specific formula and that payments are made, at this fixed amount, for the remainder of the retiree's life.

25.    TCRS provides a lifetime monthly benefit as determined by a formula specified in state law.

26.    The formula for computing a monthly retirement benefit consists of a member's Average Final Compensation ("AFC"), years of creditable service, and a benefit accrual factor.

27.    The AFC is the average of the member's five highest consecutive years (60 consecutive months) of earnable compensation, while ccreditable service means any period of public service credited by TCRS for service as a state employee.  Accordingly, the higher the employee's salary and more creditable service an employee has at retirement, the higher that employee's annuity will be.

28.    An employee member becomes vested in TCRS upon completing five years (60 months) of creditable service to a TCRS covered employer.

29.    A vested member is eligible to receive a lifetime monthly retirement benefit from TCRS upon reaching either service retirement eligibility or early service retirement eligibility.

30.    A vested member who has 30 years of creditable service or is at least age 60, is eligible for an unreduced service retirement benefit. The unreduced service retirement benefit payable to a member is 1.5% of the member's AFC, multiplied by the number of years of creditable service, and the social security integration level applicable at time of retirement.

31.    As a qualified retirement plan under Internal Revenue Code, only employees of a qualified employer may participate in TCRS.

32.    Under the terms of the TCRS' governing statute, any political subdivision of the State of Tennessee may elect to join the system, on condition that the employer's contribution for each employee be paid entirely by the political subdivision, and not by the State of Tennessee. Tenn. Code Ann. § 8-35-201.

33.    The chief governing body of Henry County, Tennessee passed a resolution to participate in TCRS effective July 1, 1968.

34.    Henry County owned and operated HCMC from 2006 through October 1, 2024, when HCMC came under the control of West Tennessee Health Care, a private non-governmental entity.  As a participating employer in TCRS, the full-time employees of Henry County (including HCMC prior to its privatization) participated in TCRS.

### *Plaintiffs' Experience as Employees of HCMC*

35.    For many years, Plaintiffs worked as emergency medical services professionals ("EMTs") providing ambulance services within Henry County under the employment of HCMC. During this time, they were treated in every respect as employees of HCMC.

36.    Plaintiff James Parris began working at HCMC in or about 2007.

37.    Plaintiff Tim Brown began working at HCMC in or about 1998.

38.    Plaintiff Doug Brockman began working at HCMC in or about 2004.

39.    Plaintiff Stacy Allen began working at HCMC in or about 2009.

40.    Plaintiff Christopher Hummer began working at HCMC in or about 2015.

41.    Plaintiff Richard Pond began working at HCMC in or about 2008.

42.    Plaintiff Steven Cooke began working at HCMC in or about 2011.

43.    Plaintiff Anna Click began working at HCMC in or about 2013.

44.    Plaintiff David Garrett began working at HCMC in or about 1990.

45.     Plaintiff Wesley Profitt began working at HCMC on or about 2017.

46.     As of May 2020, all Plaintiffs were vested members in TCRS.

**HCMC Enters an Agreement with AMR to Operate its Emergency Medical Services**

47.     By resolution dated February 19, 2008, Henry County assigned the rights of all ambulance services in the county to HCMC.

48.     In May 2020, HCMC entered into an Agreement granting AMR an exclusive franchise to operate ambulance services within Henry County. The Agreement also granted AMR authority to direct and control the work of all personnel providing these services.

49.     However, the Agreement expressly provided that AMR could also "use personnel leased from third parties, including HCMC." Accordingly, HCMC and AMR agreed that with respect to the Plaintiffs, who were already employed as EMTs at HCMC at the time of the Agreement, they would remain on HCMC's payroll, and HCMC would be solely responsible for the payment of any and all wages and benefits to Plaintiffs, including the reporting of service hours and remittance of contributions to TCRS. In return for obtaining the benefit of Plaintiffs' continuing service as EMTs during the pendency of the Agreement, AMR agreed to reimburse HCMC for all wages, payroll taxes, insurance, benefits and retirement shares paid on their behalf.

50.     At the time the Agreement was entered, HCMC officials represented that pursuant to the Agreement with AMR, Plaintiffs would remain employees of HCMC and continue to accrue creditable service hours in TCRS. Plaintiffs relied on HCMC's representations and believed that they would continue to be credited under TCRS for all hours worked as EMTs after the effective date of the Agreement. In announcing the Agreement, HCMC Lisa Casteel stated that "This is a great partnership for Henry County, for Henry County Medical Center, for our employees and for AMR."

51.     In May 2023, HCMC and AMR mutually agreed to extend the Agreement until June 30, 2025, or earlier in the event of a new Agreement or a termination.

52.     From May 2020 through October 2024, Plaintiffs remained on HCMC's payroll. Throughout this entire period, HCMC reported their service hours to TCRS and deducted Plaintiffs' retirement contributions and remitted them along with the County's employer contributions to TCRS.  AMR in turn reimbursed HCMC for the wages paid by HCMC, including the employer FICA taxes and TCRS contributions.

53.     In early 2025, following an investigation, TCRS ultimately determined that as a result of the Agreement between HCMC and AMR effective May 15, 2020, Plaintiffs became contract employees of AMR.  As a private for-profit corporation, AMR is not and cannot be a participating employer in TCRS since it is not a Tennessee governmental entity.  As a result, TCRS determined that Plaintiffs were not "employees" of a covered "employer" under Tennessee law for TCRS purposes and were not eligible to accumulate creditable service hours from May 15, 2020, forward.

54.     HCMC first notified Plaintiffs of TCRS' determination in late February 2025.

55.     Following its determination that they were ineligible to accrue credible service hours after May, 2020, TCRS reimbursed Plaintiffs their employee contributions deducted from their pay during the pendency of the Agreement.  However, reimbursement of contributions does not compensate Plaintiffs for the lost years of creditable service, as the primary value of participation in TCRS is the accrual of service credit towards an annuity, not merely the return of employee contributions.  Upon information and belief, TCRS has refunded Henry County the employer contributions it made on Plaintiffs' behalf during the pendency of the Agreement.

56.     As a result of HCMC's actions and the Agreement executed between HCMC and AMR, Plaintiffs lost years of creditable service and reportable income, and this have incurred substantial reductions in their expected retirement annuities.

## CAUSES OF ACTION

### COUNT I
### 42 U.S.C. § 1983 – Deprivation of Property Without Due Process
### (Against Defendant Henry County)

57.     Plaintiffs reallege and incorporate by reference all of the prior paragraphs as if specifically stated herein.

58.     Plaintiffs possessed a constitutionally protected property interest in the creditable service hours accumulated through their employment with Henry County through HCMC and their participation in TCRS.

59.     Defendant Henry County, acting under color of state law, deprived Plaintiffs of this property interest without due process of law during the pendency of the Agreement with private, for-profit corporation AMR, in violation of the Fourteenth Amendment of the United States Constitution and 42 U.S.C. § 1983.

60.     The deprivation occurred through Defendant Henry County's actions and contractual arrangement with AMR that rendered Plaintiffs ineligible for retirement credit despite years of contributions and service during the pendency of the Agreement.

61.     Plaintiffs were not provided adequate procedural safeguards before being deprived of this property interest.

62.     As a direct and proximate result, Plaintiffs have suffered significant financial losses.

10

## COUNT II
### Breach of Contract – Third-Party Beneficiary
### (Against Defendants Henry County, HCMC and AMR)

63.    Plaintiffs reallege and incorporate by reference all of the prior paragraphs as if specifically stated herein.

64.    The Agreement between HCMC and AMR expressly contemplated that AMR was in need of qualified and experienced EMT and paramedic personnel to supplement its workforce in Henry County pursuant to its exclusive franchise to provide emergency medical ambulance services. To this end, the Agreement allowed AMR to "lease" the Plaintiffs from HCMC to provide these services and contained a Staffing Services Agreement whereby Henry County contracted to provide EMTs/Paramedics to AMR.

65.    Pursuant to the Agreement and the lease arrangement, Henry County/HCMC would be responsible for paying "any and all wages and benefits" to Plaintiffs in performing their services as EMTs, which includes the reporting of creditable service hours in TCRS for their retirement benefits.  In exchange, the Agreement required AMR to reimburse Henry County/HCMC for their direct costs per employee per hour, which included benefits and retirement share.

66.    Plaintiffs were intended third-party beneficiaries of this contractual provision.

67.    Defendants breached the Agreement by operating the ambulance services in a manner that caused Plaintiffs to lose eligibility for retirement service credits in TCRS which they accrued during the pendency of the Agreement.

68.    Plaintiffs suffered substantial damages as a result.

### COUNT III
### Tortious and/or Negligent Interference with a Business Relationship
### (Against Defendant AMR)

69.    Plaintiffs reallege and incorporate by reference all of the prior paragraphs as if specifically stated herein.

70.    Plaintiffs had a prospective and/or existing business relationship in the form of their employment as EMTs at HCMC and had a pecuniary interest the compensation and benefits they enjoyed as a result.

71.    Defendant AMR was aware of Plaintiffs' prospective and/or existing business relationship and pecuniary interest in their employment as EMTs at HCMC.

72.    Defendant AMR knowingly, recklessly, and/or negligently interfered with that relationship by exercising control over the terms and conditions of Plaintiffs' employment in a manner that caused Plaintiffs to be treated as contract employees of ineligible employer AMR rather than eligible employers in Defendants Henry County and HCMC.

73.    Defendant AMR's actions foreseeably caused Plaintiffs to lose creditable service toward their retirement benefits under TCRS.

74.    Plaintiffs have suffered substantial damages as a result.

**COUNT IV**
**Breach of Contract Implied in Fact and/or Implied in Law**
**(Against Defendant AMR)**

75.    Plaintiffs reallege and incorporate by reference all of the prior paragraphs as if specifically stated herein.

76.    Through their conduct and course of dealing, Defendant AMR created an implied contractual relationship under which Plaintiffs' work would be treated as creditable service under TCRS.

77.    Defendants breached this implied agreement by causing Plaintiffs to be classified as contract employees with an ineligible employer and thereby eliminating their ability to accumulate creditable service hours in TCRS.

78.    Plaintiffs have suffered damages as a result.

## COUNT V
## Fraudulent Inducement
## (Against Defendant AMR)

79. Plaintiffs reallege and incorporate by reference all of the prior paragraphs as if specifically stated herein.

80. Defendant AMR intentionally misrepresented to Plaintiffs that if they remained employed as EMTs during the pendency of the Agreement, Plaintiffs would continue to accrue creditable hours towards their TCRS retirement as employees of Henry County and HCMC.

81. Plaintiffs relied on this misrepresentation, which was material to Plaintiffs' decision to remain employed as EMTs at HCMC and forego other job opportunities with eligible employers under TCRS where they could accumulate creditable service hours.

82. At the time Defendant AMR made this misrepresentation, Defendant AMR either had no present intention that Plaintiffs' service hours would be credited under TCRS or were recklessly indifferent to the same.

83. Defendant AMR knew or should have known at the time it represented that Plaintiffs would continue to accrue creditable hours towards their TCRS retirement in working as EMTs during the pendency of the Agreement that its statement was false or uttered in disregard for the truth.

84. Defendant AMR intentionally and/or recklessly made this misrepresentation to Plaintiffs in order to induce them to remain employed as EMTs at HCMC so that Defendant AMR could fulfill its exclusive franchise in supplying emergency medical services in Henry County under the Agreement without incurring the costs associated with replacing Plaintiffs' labor and experience.

13

85. Plaintiffs reasonably relied on Defendant AMR's misrepresentation and were injured as a result of such reliance.

86. Defendant AMR's misrepresentation constituted fraudulent inducement and but for the representation, the Plaintiffs would not have continued in their employment as EMTs at HCMC.

87. Plaintiffs continued to remain employed as EMTs at HCMC based on their reasonable reliance on Defendant AMR's promises that Plaintiffs would continue to accrue creditable service hours in TCRS.

88. As a result of Defendant AMR's fraudulent inducement, Plaintiffs suffered injuries in the loss of creditable service hours in TCRS and retirement benefits to which they otherwise would have been entitled.

## COUNT VI
### Unjust Enrichment
### (Against Defendant AMR)

89. Plaintiffs reallege and incorporate by reference all of the prior paragraphs as if specifically stated herein.

90. Plaintiffs conferred a benefit on Defendant AMR by performing work for as EMTs providing emergency ambulance services within Henry County during the pendency of the Agreement.

91. Defendant AMR received the benefit of Plaintiffs' labor in fulfilling its exclusive franchise over emergency ambulance services within Henry County during the pendency of the Agreement.

92. Defendant AMR appreciated the value of the benefits conferred upon it by Plaintiffs and accepted those benefits by allowing the Plaintiffs to work those hours and, upon information

and belief, receiving compensation for the provision of emergency ambulance services in Henry County pursuant to the Agreement.

93. Defendant AMR falsely represented that in performing their work as EMTs during the pendency of the Agreement, Plaintiffs would continue to accrue creditable hours towards their TCRS retirement as employees of Henry County and HCMC. As a result, Plaintiffs have lost the ability to credit any of the hours they worked during the pendency of the Agreement towards, which has materially impacted their anticipated their TCRS retirement benefits.

94. Under the circumstances, it would be unjust and inequitable for Defendant AMR to be allowed to retain the benefit of Plaintiffs' labor and other benefits conferred while Plaintiffs suffer the loss of creditable service hours in TCRS and retirement benefits to which they otherwise would have been entitled.

95. Defendant has therefore been unjustly enriched at Plaintiffs' expense.

**COUNT VII**
**Promissory Estoppel / Detrimental Reliance**
**(Against Defendant AMR)**

96. Plaintiffs reallege and incorporate by reference all of the prior paragraphs as if specifically stated herein.

97. Defendant AMR made clear and definite representations that during the pendency of the Agreement, Plaintiffs would remain employees of eligible employers Henry County and HCMC for purposes of accumulating creditable service hours in TCRS.

98. Defendant AMR's promises were unambiguous.

99. Plaintiffs reasonably relied upon those representations in continuing their employment as EMTs during the pendency of the Agreement and contributing to TCRS.

15

Defendant AMR's promises induced the Plaintiffs to continue working as EMT's at HCMC which Plaintiffs would not have done but for Defendant AMR's promises.

100.    Plaintiffs' reliance was foreseeable.

101.    Plaintiffs suffered substantial losses as a result of that reliance.

102.    Enforcement of Defendant AMR's promises is necessary to avoid injustice.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully request that the Court enter judgment in their favor and grant the following relief:

A.    A judgment in favor of the Plaintiffs in the amount of all damages allowable under federal and state law, including but not limited to: monetary damages sufficient to compensate Plaintiffs for the shortfall between the retirement payments they would have received if they had been credited with their service hours and the retirement benefits they will actually receive, disgorgement of profits earned, reimbursement of amounts improperly deducted or contributed on their behalf, and other appropriate compensatory or equitable relief allowed under law.

B.    An award of reasonable attorneys' fees and costs pursuant to 42 U.S.C. § 1988;

C.    Pre-judgment and post-judgment interest as allowed by law;

D.    Such other and further equitable or legal relief as the Court deems just and proper; and

E.    A trial by jury on all issues so triable.

## JURY DEMAND

Plaintiffs demand a trial by jury on all claims so triable.

DATED: July 1, 2026          Respectfully submitted,

*/s/ Joey P. Leniski, Jr. (w/ perm. D. Hull BPR No. 024511)*
Joey P. Leniski, Jr., BPR No. 22891
**HERZFELD, SUETHOLZ, GASTEL, LENISKI
AND WALL PLLC**
1920 Adelicia Street, Suite 300
Nashville, Tennessee 37212
Phone: (615) 800-6225
Email: joey@hsglawgroup.com

*Attorney for Plaintiffs*